IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DWAYNE SCICCHITANO, PAMELA BOLLINGER, ROBERT MCANDREW, DAVID YAKOBOSKI, BARRY SCHWEITZER, JAMES BRESSI, and ALBERT BENEDICT | : : : : : : : : : : : : : : : : : : : : : | Civ. No. 4:15-CV-00852 (Judge Brann) |
| Plaintiffs, | | |
| v. | | |
| COUNTY OF NORTHUMBERLAND, VINNY CLAUSI, and STEPHEN BRIDY, | | |
| Defendants. | | |

**MEMORANDUM**
November 25, 2015

Pending before this Court is Plaintiffs' Motion for Reconsideration of this Court's Order[1] granting Defendants' motion to stay discovery.[2] The motion has been fully briefed and is now ripe for disposition. In accordance with the following reasoning, Plaintiffs' Motion for Reconsideration is denied.

---

[1] ECF No. 58.
[2] ECF NO. 57.

1

## I. PROCEDURAL BACKGROUND

Plaintiffs filed an amended complaint[3] on May 8, 2015, together with a motion for a preliminary injunction and temporary restraining order.[4] The motion for a preliminary injunction was granted by this Court after a hearing conducted on June 4 and 5, 2015.[5] The Court subsequently entered an Order setting a discovery deadline of April 1, 2016 and a date for trial in January 2017.[6]

On November 3, 2015, Defendants filed a motion to stay discovery.[7] In the body of their motion, Defendants indicated that Defendants Vinny Clausi and Stephen Bridy did not run for re-election as Northumberland County Commissioners; as a result, two new commissioners would be elected in the November 2015 General Election.[8] They requested that the Court stay discovery for a period of ninety days. On November 4, 2015, this Court entered an Order granting Defendants' motion. This Court signed the proposed Order submitted with Defendants' brief which ordered all discovery "stayed pending further Order of the Court."

---

[3] ECF No. 4.
[4] ECF No. 5.
[5] ECF No. 33.
[6] ECF No. 49.
[7] ECF No. 57.
[8] *Id.*

## II. LEGAL STANDARD

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence."[9] A court should grant a motion for reconsideration if the party seeking reconsideration shows: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."[10]

"The standard for granting a motion for reconsideration is a stringent one . . . . [A] mere disagreement with the court does not translate into a clear error of law."[11] "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly."[12]

## III. DISCUSSION

Plaintiffs contend that their motion for reconsideration should be granted to correct a clear error of law to prevent manifest injustice.[13] They argue that the Court erred in granting Defendants' motion to stay discovery because the Court failed to apply the applicable legal standard and exceeded its discretion in ordering

---

[9] *Harsco v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985).
[10] *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).
[11] *Mpala v. Smith*, CIV. 3:CV-06-841, 2007 WL 136750, *2 (M.D. Pa. Jan. 16, 2007) (Kosik, J.) aff'd, 241 F. App'x 3 (3d Cir. 2007).
[12] *Cont'l Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).
[13] ECF No. 61 at 2.

an indefinite stay based upon an insufficient showing by Defendants.[14] Defendants, in their response to Plaintiffs' motion for reconsideration, argue that the Court did not err because rulings on requests for stays are within "the sound discretion of the district court."[15]

In determining whether to grant a motion to stay, this Court must consider four factors: (1) the length of the requested stay; (2) the hardship that the moving party would face in going forward with the litigation; (3) the injury that a stay would cause the non-moving party; (4) and whether a stay will simplify issues and promote judicial economy.[16] Stays of indefinite duration, however, are discouraged and may "constitute an abuse of discretion."[17] The United States Court of Appeals for the Third Circuit has further warned that "efficiency does not, by itself, allow a federal court to refuse to exercise its jurisdiction in favor of proceedings in an alternative forum."[18]

In their motion to stay discovery, Defendants requested a stay of ninety days to allow the newly elected Northumberland County Board of Commissioners "an opportunity to decide on the future of the Weatherization Department,"[19] which, of course, is the heart of this case. This was particularly significant considering that

---

[14] *Id.*
[15] ECF No. 63, *citing Miller v. Ashcroft*, 76 F. App'x 457, 461 (3d Cir. 2003).
[16] *Structural Group, Inc. v. Liberty Mut. Ins. Co.*, 2008 WL 4616843, *4 (M.D. Pa. October 16, 2008)(citing Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)).
[17] *CTF Hotel Holdings, Inc. v. Marriott Int'l, Inc.,* 381 F.3d 131, 135 (3d Cir. 2004).
[18] *Id.* at 135.
[19] ECF No. 57 at 1.

two of the defendants in this case, Vinny Clausi and Stephen Bridy, current commissioners, chose not to seek re-election and that "all of the candidates for the Commissioner position ha[d] expressed a commitment to the continuation of the Weatherization Department."[20] Ninety days would, therefore, provide the new Board of Commissioners a reasonable opportunity to decide on that department's future.

Plaintiffs argue that their remedies include compensatory and punitive damages and that their claims include emotional and mental harm, the cost of medical care related to the emotional and mental harm allegedly suffered, and wage losses for at least one Plaintiff.[21] Plaintiffs contend that a "stay of discovery would merely delay the proceedings."[22] Plaintiffs further argue that they have scheduled depositions of several fact witnesses and that "any further delay will impact Plaintiffs' ability to obtain information from these witnesses."[23] This seems considerably overstated.

After considering the factors above, this Court will not reconsider its decision to grant Defendants' motion to stay discovery. A ninety-day stay of discovery to allow time for the new Commissioners to determine the future of the Weatherization Department may render all of the issues in this case moot. At the

---

[20] ECF No. 57.
[21] ECF No. 61.
[22] *Id.* at 4.
[23] *Id.*

5

very least, the stay may assist in simplifying the issues before the Court, thereby promoting judicial economy.

The Weatherization Department has apparently continued to operate and Plaintiffs continue to be gainfully employed. Granting a ninety-day stay of discovery will not impact any alleged damages Plaintiffs have already claimed. There is no reason discernable by this Court why Plaintiffs or Defendants should continue to expend time, effort, and attorney's fees on discovery at this juncture.

**IV. CONCLUSION**

In accordance with the foregoing reasoning, Plaintiffs' motion for reconsideration is denied. This Court's previous Order,[24] however, is vacated as it failed to state the ninety-day stay duration requested in Defendants' motion to stay discovery.[25] An appropriate and curative Order follows.

BY THE COURT:

s/ Matthew W. Brann
Matthew W. Brann
United States District Judge

---

[24] ECF No. 58.
[25] ECF No. 57.